Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85067-3970
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>CHAD BENJAMIN RAYNES,<br><br>and<br><br>MICHELLE L. RAYNES,<br><br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2:09-BK-12887 RTB<br><br>**TRUSTEE'S RECOMMENDATION ON AMENDED PLAN & MOTION FOR MORATORIUM** |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

1. The proof of claim filed by Household Realty Corp. is not provided for by the Plan. The Trustee has received no notification that the issue has been resolved and the Debtors must resolve this discrepancy before the Trustee recommends confirmation of the Plan. The Trustee requires that: (a) the Debtors file an objection to the proof of claim; (b) notify the Trustee **in writing** that the claim issue has been resolved and that the holder of the claim will sign the order confirming plan; (c) notify the Trustee **in writing** that the proposed order confirming plan will pay the claim in full pursuant to the proof of claim; or (d) timely file an amended Plan to provide for payment in part or full on the claim. If resolution of the claim changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis with any proposed Order confirming the Plan. If an objection to the proof of claim is timely filed by the Debtors, then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the objection.

2. The proposed Plan is not adequately funded. A balance of approximately $2,300.00 remains on the secured debt. Additional plan yield is required.

3. Debtors must provide copies of two recent consecutive pay stubs to verify the reduction in income.

4. The 2016(b) Disclosure Statement filed by counsel for the Debtors differs from the Application for Payment of Administrative Expenses contained in the Amended Plan. Counsel must resolve the discrepancy before the Trustee recommends confirmation.

5. The Trustee requests a copy of the Debtors state and federal income tax returns for 2009.

6. **Plan payment status:** The Debtors' interim payments of $394.88 each are current through due date February 10, 2010. A payment waiver was request for the months of March 2010 through June 2010. The Trustee reminds the Debtors that they may access case information from the Trustee's office, such as plan payments received, by going to www.13datacenter.com. Then, under the Debtor section, click 'Click Here to get started' and follow the instructions. Also, a debtor may get email notification of docket events by filling out the Bankruptcy Court's Debtor Email Registration Form. The form is available on the Court's website at www.azb.uscourts.gov and then going to Forms and Publications.

7. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at http://www.maney13trustee.com/mcforms2.htm. The order confirming plan must be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such

letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(f) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2010 and 2011 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

SUMMARY

**Pursuant to Local Rule 2084-10, paragraph E.(2), the Debtors must provide the following by June 7, 2010 or the Trustee will lodge an order dismissing the case:**

(a) Items #1 through 7.

**The Court may dismiss the case without further notice for the Debtors' failure to timely comply with the Trustee's Recommendation.** If the Debtors meet all requirements of the Recommendation and this case remains active, Debtors' counsel must submit to the Trustee for review and signature, *a proposed stipulated Order Confirming the Amended Plan and Motion for Moratorium, signed by all objecting parties, which incorporates the requirements of this Recommendation, no later than June 7, 2010.* The Trustee considers the time for reviewing a proposed Order pursuant to Rule 2084-13(c), L.R.B.P., to begin running when all Recommendation conditions are met.

---
Russell Brown
Chapter 13 Trustee

A copy of this document was
mailed on the date signed below to:

Chad and Michelle Raynes
16487 N. 161st Dr.
Surprise, AZ 85374
Debtors

1  Joseph W. Charles
   P.O. Box 1737
2  Glendale, AZ 85311
   Attorney for Debtors
3

4

5

6  *jmorales@ch13bk.com*